```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF GEORGIA
              AUGUSTA DIVISION
```

UNITED STATES OF AMERICA           *
                                   *
            v.                     *     CR 117-072
                                   *
ADONIS ELIJAH MOMENT               *

---

# O R D E R

---

On November 7, 2017, Defendant Adonis Elijah Moment was charged by indictment with possession of a firearm by a convicted felon and possession of a firearm by a person convicted of misdemeanor crimes of violence. On November 17, 2017, Defendant was released on bond. On June 13, 2018, the United States Magistrate Judge revoked Defendant's bond upon a finding that he had violated the following conditions of his bond:

(1) Defendant must not violate federal, state, or local law while on release;

(2) Defendant must abide by a curfew from 10:00 p.m. to 6:00 a.m. as directed by the supervising officer; and

(3) Defendant must report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

At the hearing conducted on June 12, 2018, Defendant stipulated to these violations. More particularly, Defendant

had contact with law enforcement a few days after his release, November 23, 2017, when he was riding as a passenger in a reportedly stolen rental truck. Defendant was charged with possession of a stolen vehicle; he was not charged with the narcotics discovered in the truck. This incident took place at approximately 10:03 p.m. Defendant did not report the incident or his arrest to the supervising probation officer.

Defendant presented mitigating evidence at the revocation hearing relating to the circumstances behind the arrest, his anticipation that the stolen vehicle charge will be dismissed, and the various familial responsibilities he has. Nevertheless, the Magistrate Judge revoked Defendant's bond pursuant to 18 U.S.C. § 3148. Pending before this Court is a motion by Defendant pursuant to 18 U.S.C. § 3145(b) to revoke or amend the Magistrate Judge's Order of Detention.

This Court reviews the Order of Detention issued by the Magistrate Judge *de novo*. United States v. Hurtado, 779 F.2d 1467, 1480 (11th Cir. 1985). The authority for revoking bond is straightforward. A person charged with violating a condition of release may be revoked if, after a hearing, the judicial officer finds that there is "(A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of

2

release," 18 U.S.C. § 3148(b)(1), and finds that "(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or (B) the person is unlikely to abide by any condition or combination or conditions of release," 18 U.S.C. § 3148(b)(2).

In this case, the Court has independently reviewed the circumstances in which Defendant put himself that led to this revocation. There is no dispute that the first prong for revocation of release under 18 U.S.C. § 3148(b)(1) has been satisfied because Defendant admittedly violated three separate conditions of his release. With respect to the second prong, defense counsel emphasizes that Defendant is not a flight risk or a danger to the community.[1] This Court does not necessarily dispute that representation. However, this Defendant encountered law enforcement at 10:03 p.m. only a few days after his release, at a time when he should have been home. He was arrested; the fact that the charge may be dismissed is of little import. He failed to report the

---

[1] It is noteworthy that Defendant has now pled guilty to Count 1 of the Indictment: possession of a firearm by a convicted felon. His underlying felony convictions are for drug-related charges, and although he was not charged with possession, narcotics were located in the rental truck in which he was a passenger.

3

incident to his supervising officer; the supervising officer learned of the incident on his own accord over two months later. Defendant's conduct demonstrates that he is unlikely to abide by any condition or combination of conditions of release.

Upon the foregoing, revocation of release and detention are required under 18 U.S.C. § 3148(b). Defendant's motion to revoke or amend (doc. 46) the Order of Detention of June 13, 2018, is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of August, 2018.

J. RANDAL HALL, CHIEF
UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF GEORGIA